UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Case No: 7:22-cv-00147-M-RN

| | | |
|---|---|---|
| INTERNATIONAL PAPER COMPANY | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | **ATLANTIC CASUALTY INSURANCE** |
| | ) | **COMPANY'S MEMORANDUM IN** |
| v. | ) | **SUPPORT OF MOTION FOR ENTRY** |
| | ) | **OF PROTECTIVE ORDER** |
| FORESTREE INC. and ATLANTIC | ) | |
| CASUALTY INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

NOW COMES Atlantic Casualty Insurance Company (hereinafter referred to as the "ACIC") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 7.1, and respectfully submit this Memorandum in support of the Motion for Protective Order.

## I.   This Court Should Enter a Protective Order in This Matter

Federal Rule of Civil Procedure 26(c) provides as follows:

A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
  (A)  forbidding the disclosure or discovery;
  (B)  specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
  (C)  prescribing a discovery method other than the one selected by the party seeking discovery;
  (D)  forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
  (E)  designating the persons who may be present while the discovery is conducted;
  (F)  requiring that a deposition be sealed and opened only on court order;
  (G)  requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
  (H)  requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. Pro. 26(c) (2007).

Pursuant to Rule 26(c), a party can move for protective order requiring "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed. R. Civ. Pro. 26(c)(1)(G). "The prerequisite is a showing of 'good cause' made by the party seeking protection," and the Court is required to balance the interests of the parties. *Chicago Tribune Company v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, (11th Cir., 2001). The party seeking entry of the protective order must show that the materials are treated confidentially, and harm will occur without entry of a protective order. *Brittain v. The Stroh Brewery Company*, 136 F.R.D. 408 (M.D.N.C. 1991). "In determining whether the material is confidential, the Court must look at the nature of the information, the measures taken to protect its secrecy, and the extent of knowledge of the information by both outsiders and insiders." *Id.*, 136 F.R.D. at 415.

In the present case, the parties have agreed to the entry of a Protective Order based on the fact that certain information sought to be produced during discovery will represent or contain confidential or protected information. This information includes confidential and proprietary documents and materials of the parties related to claims handling practices and settlement of the underlying claim, and such materials and documents that are not typically disseminated. ACIC seeks only to prevent disclosure beyond the litigants and certain associated parties to this litigation, and counsel for Plaintiff and Defendant Forestree consented to the terms of the protective order. Also, entry of a protective order will reduce the need for this Court to address discovery disputes and will provide for discovery without the risk of undue disclosure beyond this field of litigation.

## II. Conclusion

For the aforementioned reasons, a Protective Order should be entered in order to ensure the retention of confidential information of all parties.

WHEREFORE, Movant respectfully requests that this Court enter the Proposed Protective Order.

This the 27th day of April, 2023.

**TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

BY:    /s/ *Rebecca R. Thornton*
　　　　Rebecca R. Thornton
　　　　N.C. State Bar No.  40008
　　　　P.O. Box 19207
　　　　Raleigh, NC  27619-9207
　　　　Telephone:    (919) 873-0166
　　　　Facsimile:    (919) 873-1814
　　　　rthornton@teaguecampbell.com
　　　　*Attorneys for Defendant Atlantic Casualty Insurance Company*

3

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned attorney hereby certifies that the foregoing was electronically filed using the CM/ECF system, which will send notification of such filing to all attorneys of record in this case who have registered with that system.

This the 27th day of April, 2023.

**TEAGUE, CAMPBELL, DENNIS & GORHAM, L.L.P.**

BY:    /s/ *Rebecca R. Thornton*
          Rebecca R. Thornton
          NC State Bar No.: 40008
          Post Office Box 19207
          Raleigh, North Carolina 27619-9207
          (919) 873-7166 telephone
          (919) 873-1814 facsimile
          rthornton@teaguecampbell.com
          ***Attorneys for Defendant Atlantic Casualty***
            ***Insurance Company***