IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Civil Action No.: 7:22-cv-147-M-RN

| | | |
|---|---|---|
| INTERNATIONAL PAPER COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AMENDED ANSWER AND DEFENSES** |
| vs. | ) | **OF ATLANTIC CASUALTY** |
| | ) | **INSURANCE COMPANY TO** |
| FORESTREE INC. and ATLANTIC | ) | **CROSSCLAIMS OF DEFENDANT** |
| CASUALTY INSURANCE COMPANY, | ) | **FORESTREE, INC.** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Defendant Atlantic Casualty Insurance Company ("ACIC"), by and through counsel,
amends its Answer to the Crossclaims [DE 20] of Defendant Forestree, Inc. ("Forestree") as
follows:

**FIRST DEFENSE**

As a First Defense and Answer, and without waiving any affirmative defenses or motions
set forth herein, ACIC responds to the numbered allegations of Plaintiff's Complaint as follows:

1.    Admitted, upon information and belief.

2.    Admitted, upon information and belief.

3.    Admitted, upon information and belief.

4.    It is admitted, upon information and belief, that Forestree bought and sold timbers
and that one of its customers was International Paper.  Except as admitted, ACIC is without
knowledge or information sufficient to form a belief as to the truth or falsity of the remaining
allegations contained in Paragraph 4 of the Crossclaims.

5.    ACIC is without knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in Paragraph 5 of the Crossclaims.

6.      It is admitted that International Paper and Forestree entered into a Master Wood Purchase and Service Agreement ("Agreement") and that the Agreement is referenced in the Complaint, in writing and is the best evidence of its contents.  To the extent the allegations of Paragraph 6 of the Crossclaims are inconsistent with the terms of the Agreement, they are denied.

7.      It is admitted that the Agreement is in writing and is the best evidence of its contents.  To the extent the allegations of Paragraph 7 of the Crossclaims are inconsistent with the terms of the Agreement, they are denied.

8.      It is admitted that the Agreement is in writing and is the best evidence of its contents.  To the extent the allegations of Paragraph 8 of the Crossclaims are inconsistent with the terms of the Agreement, they are denied.

9.      It is admitted that the Agreement is in writing and is the best evidence of its contents.  To the extent the allegations of Paragraph 9 of the Crossclaims are inconsistent with the terms of the Agreement, they are denied.

10.      It is admitted that Forestree purchased a commercial general liability policy ("Policy") from ACIC and that the Policy is in writing, speaks for itself and is the best evidence of its contents.  To the extent the allegations of Paragraph 10 of the Crossclaims are inconsistent with the terms of the Policy, they are denied.  Except as admitted, denied.

11.      It is admitted that ACIC issued a commercial general liability policy to Forestree and that the Policy is in writing, speaks for itself and is the best evidence of its contents.  To the extent the allegations of Paragraph 11 of the Crossclaims are inconsistent with the terms of the Policy, they are denied.

12.      ACIC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Crossclaims.

13.     ACIC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Crossclaims.

14.     ACIC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Crossclaims.

15.     It is admitted that the Agreement is in writing and is the best evidence of its contents.  To the extent the allegations of Paragraph 15 of the Crossclaims are inconsistent with the terms of the Agreement, they are denied.  ACIC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 15 of the Crossclaims.

16.     It is admitted that International Paper's Complaint is in writing and is the best evidence of its contents.  To the extent the allegations of Paragraph 16 of the Crossclaims are inconsistent with the allegations of the Complaint, they are denied.  ACIC incorporates its Answer to paragraph 16 of the Complaint herein by reference.  ACIC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 16 of the Crossclaims.

17.     ACIC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 17 of the Crossclaims.

18.     ACIC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 18 of the Crossclaims.

19.     ACIC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 19 of the Crossclaims.

20.     It is admitted that any lawsuit filed ("Hooper Lawsuit") was initiated by a Complaint and that the pleadings in the Hooper Lawsuit are in writing, speak for themselves and are the best evidence of their contents.  To the extent the allegations of Paragraph 20 of the

Crossclaims are inconsistent with the pleadings in the Hooper Lawsuit, they are denied.

21.    It is admitted that any Third-Party Complaint initiated in the Hooper Lawsuit is in writing, speak for themselves and are the best evidence of their contents. To the extent the allegations of Paragraph 21 of the Crossclaims are inconsistent with the pleadings in the Hooper Lawsuit, they are denied.

22.    ACIC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 22 of the Crossclaims.

23.    It is admitted that International Paper sent a letter to ACIC on January 21, 2020 and that the letter is in writing, speaks for itself and is the best evidence of its contents. To the extent the allegations of Paragraph 23 of the Crossclaims are inconsistent with the January 21, 2020 letter, it is denied.

24.    It is admitted that ACIC sent a letter to International Paper on February 18, 2020 and that the letter is in writing, speaks for itself and is the best evidence of its contents. To the extent the allegations of Paragraph 24 of the Crossclaims are inconsistent with the February 18, 2020 letter, it is denied.

25.    It is admitted that ACIC sent a letter to International Paper on February 20, 2020 and that the letter is in writing, speaks for itself and is the best evidence of its contents. To the extent the allegations of Paragraph 25 of the Crossclaims are inconsistent with the February 20, 2020 letter, it is denied.

26.    It is admitted that ACIC sent a letter to International Paper on February 20, 2020 and that the letter is in writing, speaks for itself and is the best evidence of its contents. To the extent the allegations of Paragraph 26 of the Crossclaims are inconsistent with the February 20, 2020 letter, it is denied.

27.    It is admitted that International Paper's Complaint is in writing and is the best

evidence of its contents. ACIC incorporates its Answer to paragraphs 99 through 103 of the Complaint herein by reference as if fully set forth herein.

28.     Upon information and belief, the Hooper Lawsuit was settled.  Except as admitted, ACIC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 28 of the Crossclaims.

29.     It is admitted that International Paper's Complaint is in writing and is the best evidence of its contents.  To the extent the allegations of Paragraph 29 of the Crossclaims are inconsistent with the allegations of the Complaint, they are denied.

### First Cause of Action
### (Breach of Insurance Contract)

30.     ACIC repeats and realleges its responses to the allegations of Paragraphs 1 through 29 of the Crossclaims as if fully set forth herein.

31.     The Policy is in writing, speaks for itself and is the best evidence of its contents. To the extent the allegations of Paragraph 31 of the Crossclaims are inconsistent with the terms of the Policy, they are denied.

32.     Denied.

33.     The Policy is in writing, speaks for itself and is the best evidence of its contents. To the extent the allegations of Paragraph 33 of the Crossclaims are inconsistent with the terms of the Policy, they are denied.

34.     The Policy and the pleadings in the Hooper Lawsuit are in writing, speak for themselves and are the best evidence of their contents.  To the extent the allegations of Paragraph 34 of the Crossclaims are inconsistent with the terms of the Policy and the Hooper Lawsuit, they are denied. Except as admitted, ACIC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 34 of the

Crossclaims.

35.    ACIC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 35 of the Crossclaims.

36.    Denied.

**Second Cause of Action**
**(Declaratory Judgment)**

37.    ACIC repeats and realleges its responses to the allegations of Paragraphs 1 through 36 of the Crossclaims as if fully set forth herein.

38.    It is admitted that Forestree is seeking a declaratory judgment. Except as admitted, the remaining allegations of Paragraph 38 of the Crossclaims pertain to legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

39.    The allegations of Paragraph 39 of the Crossclaims pertain to legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

40.    The allegations of Paragraph 40 of the Crossclaims pertain to legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

**Third Cause of Action**
**(Unfair and Deceptive Trade Practices)**

41.    ACIC repeats and realleges its responses to the allegations of Paragraphs 1 through 40 of the Crossclaims as if fully set forth herein.

42.    The allegations of Paragraph 42 of the Crossclaims is nothing more than a recitation of a North Carolina General Statute, which is in writing and speak so for itself. Further, these allegations pertain to legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

43.    Denied.

6

44.     It is admitted that ACIC sent a letter to International Paper on February 18, 2020 and that the letter is in writing, speaks for itself and is the best evidence of its contents.  To the extent the allegations of Paragraph 44 of the Crossclaims are inconsistent with the February 18, 2020 letter, it is denied.  The remaining allegations of paragraph 44 of the Crossclaims are denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     It is admitted that the Agreement is in writing and is the best evidence of its contents.  To the extent the allegations of Paragraph 50 of the Crossclaims are inconsistent with the terms of the Agreement, they are denied.   The remaining allegations of Paragraph 50 of the Crossclaims are denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

**ACIC DENIES ALL ELEMENTS OF FORESTREE CROSSCLAIMS ASSERTED AGAINST IT.  ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED HEREIN ARE DENIED.  ACIC DENIES THAT COVERAGE IS IMPLICATED UNDER POLICY ISSUED TO FORESTREE OR THAT THE PLAINTIFF IS ENTITLED TO ANY OF THE RELIEF SOUGHT IN ITS "PRAYER FOR RELIEF."**

## SECOND DEFENSE

As a Second Defense and Answer, ACIC asserts and incorporates by reference those affirmative defenses set forth in Federal Rules of Civil Procedure 8 and 12, as if fully restated herein, as well as Rule 17 and 19, as the applicability of any of these defenses.

## THIRD DEFENSE

As a Third Defense and Answer, Forestree's Crossclaims fail to state a claim upon which relief can be granted.

## FOURTH DEFENSE

As a Fourth Defense and Answer, ACIC denies that it had a duty to defend or indemnify Forestree and Plaintiff and further denies that any act or omission on its part was a proximate cause of any alleged injuries or damage to Plaintiff and Forestree as asserted in the Complaint and Crossclaims. ACIC relies on this lack of proximate cause as a bar to any claim by Plaintiff and Forestree.

## FIFTH DEFENSE

As a Sixth Defense and Answer, Plaintiff and Forestree cannot satisfy their burdens of establishing all elements of coverage and/or coverage is excluded.

## SIXTH DEFENSE

As a Seventh Defense and Answer, ACIC hereby asserts all terms, conditions, limitations, exclusions and defenses under the Policy as a defense to Plaintiff's Complaint and Forestree's Crossclaim, the application of each provision of the Policy to be determined upon further discovery in this case, including, but not limited to the following Endorsements and Exclusions: Contractual Liability Exclusion; Limitation—Duty to Defend; Condition—Arbitration; Exclusion of Injury to Employees; Contractors and Employees of Contractors Exclusion, Limitation—Maximum Available Limit of Insurance, Expected or Intended Injury Exclusion, Mental Injury Exclusion,

Additional Insured—Owners, Lessees or Contractors-Scheduled Person or Organization, and Additional Insured—Owners, Lessees or Contractors-Primary & Non-Contributory.

## SEVENTH DEFENSE

As an Eighth Defense and Answer, Plaintiff's and Forestree's damages, if any, are solely due to, resulted from, and/or were caused by the negligence and/or carelessness of parties, for which Plaintiff and Foresetree and, therefore, ACIC is not liable.

## EIGHTH DEFENSE

As a Tenth Defense and Answer, to the extent Plaintiff and Forestree recovered/recovers from any person or entity, by whatever means, ACIC seeks and is entitled to a credit and/or set-off of any damages determined to be due from ACIC, in proportion to the amount received by Plaintiff and Forestree, regardless of the source or basis of such proceeds.

## NINTH DEFENSE

ACIC has acted at all times in good faith with good basis in disclaiming coverage for the Underlying Lawsuit.

## TENTH DEFENSE

ACIC timely and promptly advised Forestree of its position with regard to coverage under the Policy as to which notice of the Underlying Lawsuit was given.

## ELEVENTH DEFENSE

As a Ninth Defense and Answer, ACIC may have certain other affirmative defenses that have not yet become apparent based upon the allegations in the Complaint. ACIC reserves the right to assert any additional affirmative defenses by amendment of this pleading or otherwise.

**WHEREFORE,** ACIC, having amended its response to the allegations in Forestree's Crossclaims, prays the Court that:

1.      Plaintiff have and recover nothing of ACIC;

9

2. The costs of this action be taxed against Forestree or a party other than ACIC;

3. The Court hold a jury trial on all issues so triable herein; and

4. The Court award ACIC such other and further relief as the Court deems just and proper.

This the 10th day of May, 2023

**TEAGUE, CAMPBELL, DENNIS & GORHAM, L.L.P.**

BY: /s/ *Rebecca R. Thornton*

 Rebecca R. Thornton
 NC State Bar No.: 40008
 Post Office Box 19207
 Raleigh, North Carolina 27619-9207
 (919) 873-7166 telephone
 (919) 873-1814 facsimile
 rthornton@teaguecampbell.com
 ***Attorneys for Defendant Atlantic Casualty***
  ***Insurance Company***

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record in this case who have registered with that system.

This the 10th day of May, 2023

**TEAGUE, CAMPBELL, DENNIS & GORHAM, L.L.P.**

BY:     /s/ *Rebecca R. Thornton*
           Rebecca R. Thornton
           NC State Bar No.: 40008
           Post Office Box 19207
           Raleigh, North Carolina 27619-9207
           (919) 873-7166 telephone
           (919) 873-1814 facsimile
           rthornton@teaguecampbell.com
           ***Attorneys for Defendant Atlantic Casualty***
              ***Insurance Company***